CASE 42—PETITION EQUITY—OCTOBER 6.

# Garnett, &c., vs. Finnell, &c.

APPEAL FROM OWEN CIRCUIT COURT.

1. An allegation in the petition that the plaintiffs "*learn* that the defendants are indebted," &c., without any averment that the facts so *learned* are true, does not present a sufficient cause of action.

2. The rules of pleading require the facts to be set forth in direct and positive terms. It is not sufficient to state the party's belief, or his learning, or his inferences in regard to the facts essential to his claim or defense.

3. An allegation that the defendant is indebted "about $400," is insufficient, and will not warrant a judgment for that amount.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The sole question in this case is, whether the allegations of the amended petition, filed the 12th day of May, 1860, are sufficient to authorize the judgment rendered in the case.

They are, briefly, in substance as follows: Plaintiffs "say *that they learn* that Granville Garnett and Caleb Jones are indebted to Wm. Pogue *thus.*" The defendant Tomlinson undertook to build a bridge across Eagle creek, under the

employment of the counties of Gallatin and Owen, and Garnett and Jones were commissioners to let out and superintend the work; that they had, in writing, stipulated to pay Tomlinson the balance of the agreed price, which said counties failed to pay; that said writing was placed in the hands of one Ross, who then, *perhaps*, held it, and was called on to produce and file it; that Tomlinson finally received his pay except *about* $400, which sum, with *about five* years' interest, said Garnett and Jones owe *him*, and said Tomlinson, being indebted to Pogue, transferred to him that claim, and the same is now due to him and unpaid. And plaintiffs pray that said Garnett and Jones may be compelled to pay said money, or all they owe under said agreement.

The appellees do not allege the foregoing facts to exist; they only say they learn they are as stated, and do not say they even believe what they have *learned* on the subject to be true.

The rules of pleading require the facts to be set forth in direct and positive terms which are relied upon, and it is not sufficient for the pleader to state his belief, or his *learning*, or his inferences, in regard to the facts necessary to his cause of action or defense. He, under the Civil Code, may verify his pleading by an affidavit to the effect that he *believes* the statements therein to be true. But the essential facts must be stated positively, directly, and in an issuable form, so that the opposing party, in responding to them, may he enabled to do so in like positive and direct terms. (*Patterson et al. vs. Caldwell*, 1 *Metcalfe*, 490.) Here the fact that appellants were indebted to Pogue is not alleged and is not in issue; but the issue presented is, had appellees *learned* that fact, and appellants, by failing to answer, only confessed that they had learned it, but did not thereby confess they owed the money.

Besides, if the allegation of indebtedness was sufficient, we apprehend the amount is not stated with sufficient precision to authorize the judgment for $400. To say one man owes another about $400, does not import that he owes precisely that sum; and how near that form of expression

approaches the sum named is unascertained—too uncertain to rest judicial action upon.

The allegations of the petition did not, therefore, authorize a judgment against appellants.

Wherefore, said judgment is *reversed*, and the cause remanded for further proceedings consistent herewith.